IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COUNTRY FRESH, LLC § <br> § <br> Plaintiff § <br> § <br> v. § <br> § <br> WAYNE AND ANNIE'S KITCHEN § <br> INC. f/k/a SIMMERING SOUP, § <br> INC., HUXTABLE'S KITCHEN, § <br> INC., HMR FOODS HOLDING, LP., § <br> PERRY MORGAN, ANN LEWIS, § <br> WAYNE WALKER, JASON § <br> KNIGHT, BRUCE MAINES, § <br> MICHAEL CARR, AND § <br> KEN HAYES § | | CASE NO. 4:16-CV-1880 |

## **PROPOSED TEMPORARY RESTRAINING ORDER**

Pending before the court is Plaintiff COUNTRY FRESH, LLC'S ex-parte Motion for Temporary Restraining Order pursuant to Rule 65(b) of the Federal Rules of Civil Procedure. A Temporary Restraining Order may be granted without notice to the adverse party only if: (1) it clearly appears from specific facts shown by affidavit of verified complaint that immediate and irreparable injury, loss or damage will result before the adverse party can be heard in opposition, and (2) the applicant's attorney certifies the reasons that notice should not be required.

1

In this case, it appears from the Affidavit of Bryan Herr that the Plaintiff is a produce dealer and trust creditor of the Defendants Simmering Soup, Inc., Huxtable's Kitchen, Inc., HMR Foods Holding, LP, Perry Morgan, Ann Lewis, Wayne Walker, Jason Knight, Bruce Maines, Michael Carr, and Ken Hayes under Section 5(c) of the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. §499e(c), and has not been paid for produce in the total amount of $145,919.70 supplied to the Defendants as required by the PACA.

It is also clear from the same declaration and the certification of counsel that the Defendants are in severe financial jeopardy and the PACA trust assets are being dissipated or threatened with dissipation, *Frio Ice, S.A. v. Sunfruit,* 918 F.2d 154 (11th Cir. 1990), and that the Defendants are or may not be in a position to pay creditors' claims, *JSG Trading Corp. v. Tray-Wrap, Inc.,* 917 F2d 75 (2d Cir. 1990), thereby warranting the relief requested by the Plaintiff. On the basis of the pleadings, declaration, and other submissions filed by the Plaintiff in this matter, it appears that the Plaintiff will suffer immediate and irreparable injury due to the Defendants' dissipation of the Plaintiff's beneficial interest in the statutory trust created pursuant to 7 U.S.A. §449e(c) and that such dissipation will continue in the absence of injunctive relief. Therefore, the court is of the opinion that a temporary restraining order should be issued.

If notice is given to the Defendants of the pendency of this motion, trust assets will be further threatened with dissipation before the motion is heard. As noted in the legislative history of PACA once dissipation has occurred, recovery of trust assets is all but impossible. H.R.Rep. No. 543, 98th Cong., 2d Sess. 4 (1983), reprinted in 1984 U.S. Code & Admin. News 405, 411. *J.R. Brooks & Son, Inc. v. Norman's Country Market, Inc.,* 98 B.R.47 (Bkrtcp. N.D. Fla. 1989). Entry of this order without notice assures retention of the trust assets under the control of this court which is specifically vested with jurisdiction over the trust. 7 U.S.C. §499e(c)(5). In accord with Rule 65(b)(2), the Plaintiff's attorney has certified why notice should not be required.

Based on the foregoing, the court finds that the Plaintiff and other PACA trust creditors, if any, will suffer immediate irreparable injury in the form of a loss of trust assets unless this order is granted without notice.

Therefore, it is **ORDERED:**

1. That the Defendants, their agents, officers, subsidiaries, assigns, banking and financial institutions, and all persons in active concert or participation with the Defendants, are enjoined and restrained from dissipating, paying, transferring, assigning or selling any and all assets covered by or subject to the trust provisions of the PACA without agreement of the Plaintiff or until further order of this court.

2. Under §499e(c)(2) of PACA, the assets subject to this order include all of the assets of the Defendants unless the Defendants can prove to this court that a particular asset is not derived from perishable agricultural commodities, inventories of food or other products derived from perishable agricultural commodities, or receivables or proceeds from the sale of such commodities or products. Provided however, that Defendants may sell perishable agricultural commodities or products derived from perishable agricultural commodities for fair compensation, without right of set-off, on the condition that the Defendants maintain the proceeds of such sale subject to this Order.

3. This Order shall be binding upon the parties to this action and all other persons or entities who receive actual notice of this order by personal service or otherwise.

4. The Plaintiff shall not be required to post a bond in view of the fact that the Defendants now hold $145,919.70 of PACA trust assets which belongs to Plaintiff and that this Order merely requires the Defendants to obey the requirements of the PACA.

5. This Temporary Restraining Order is entered this _____ day of _____, 2016 at _____ a.m.

6. A hearing on the Plaintiff's Motion for Preliminary Injunction is set for _____, 2016 at _____ \_\_.m. in Courtroom _____.

7. The Plaintiff shall forthwith serve the Defendants, or their resident agent, or their counsel, with a copy of this Order.

Signed at Houston, Texas on _____, 2016.

_____
_____
United States District Judge